UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JOSEPH MANTHA, *on behalf of himself and others similarly situated*, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil No. 19-12235-LTS |
| QUOTEWIZARD.COM, LLC, | ) ) ) | |
| Defendant. | ) ) | |

ORDER ON JOINT STATUS REPORT (DOC. NO. 276)

August 15, 2022

SOROKIN, J.

I.  BACKGROUND

Pursuant to the procedures of this session, the parties presented their discovery disputes concerning Plaintiff's Third Request for Interrogatories and Fourth Request for Documents in the form of a Joint Status Report (Doc. No. 276). After review of the papers, the Court issued the following electronic order on June 28, 2022:

> The Court has carefully reviewed the prior discovery orders issued in this case and the joint status report submitted by the parties setting forth their present discovery disputes. Doc. No. 276. In the Court's view, some confusion has arisen regarding the scope of this second phase of discovery. Phase I discovery was limited to the individual claim advanced by the named Plaintiff. That discovery has concluded, and the Court has resolved the cross-motions for summary judgment. The current phase of discovery is Phase II. In the Court's view, Phase II encompasses all other discovery in this proposed class action. Phase II is not limited to the so-called class discovery. At the conclusion of Phase II, the Court will resolve the anticipated motion for class certification including, inter alia, the issues raised by Defendants in their earlier status report. See Doc. Nos. 270, 271. This course has been the Court's intention from very early in this litigation. Doc. No. 75 at 5 (ruling "a subsequent second phase [of discovery] addressing all other issues" would follow Phase I discovery). One (but not the only) issue dividing the parties over the pending discovery appears to be divergent views regarding the scope of

>  discovery during Phase II.  By this Order, the Court has resolved that apparent dispute consistent with the course it charted early on in this litigation.  In light of this ruling, the parties shall confer regarding the pending discovery disputes and report back to the Court either that (a) they request the Court to resolve the disputes based upon the existing status report before the Court (Doc. No. 276) or (b) they request to present a new status report to the Court because their conferral in light of the Court's ruling has eliminated or narrowed the current discovery disputes.  In either case, the parties shall report back no later than July 11, 2022.  If the parties present a new status report, such report shall be filed no later than July 11, 2022, and it shall entirely replace the present status report.

Doc. No. 279.  On July 11, 2022, the parties reported back that they were unable to resolve or narrow their discovery disputes.  Doc. No. 280.  Accordingly, the Court now proceeds to resolve the disputes presented in the initial status report (Doc. No. 276), but first turns to address certain threshold issues.

To begin, QuoteWizard first complains that Plaintiff did not meet and confer as required either by Fed. R. Civ. P. 37 or Local Rule 7.1 and, as a result, the Court should deny Plaintiff's discovery requests out of hand.  This is a meritless objection.  The parties did confer both orally and in writing.  Moreover, the process of preparing the joint status report imposes upon the parties a further process of conferral as each side confronts the written considered position of the other in the back and forth before filing of the report.  This happened here.  That the parties did not resolve their dispute is no measure of whether meaningful conferral occurred.  The record plainly establishes it did.  Moreover, further discussion on these issues between counsel would serve no purpose as evidenced by their response to the Court's June 28, 2022 Electronic Order.  Doc. No. 280.

Second, some context regarding the status of this case is required before turning to the particular discovery dispute at hand.  Plaintiff filed a Telephone Consumer Protection Act ("TCPA") action on October 29, 2019.  Doc. No. 1.  On March 16, 2020, the Court resolved QuoteWizard's Motion to Dismiss (Doc. No. 16) by allowing it in part and denying it in part.

Doc. No. 30.  From the outset, QuoteWizard's counsel maintained that this case could and would be resolved by a prompt dispositive motion on the issue of consent.  After a myriad of discovery disputes, the Court revised the governing schedule on July 30, 2020.  Doc. No. 75.  In so doing, the Court noted that from the outset of discovery "the Court ordered that the initial phase of discovery in this case would be limited to the gating issue of whether Plaintiff had in fact consented to be contacted by QuoteWizard."  Id. at 1.  This "bifurcation" of discovery was done "at the urging of Defendant" with the anticipation of a motion for summary judgment "solely on the question of consent with a subsequent second phase addressing all other issues."  Id. at 5.  In this July 30, 2020 Order, the Court expanded Phase I to include "all issues related to Plaintiff's individual claims and that class discovery [would] occur in Phase II."  Id.  Discovery in Phase I was hotly contested and extensively litigated substantially more so than is typical even in complex class action litigation, in the Court's experience.[1]  The Court, whether through the undersigned or the magistrate judge to whom much of the case was referred, resolved each dispute presented.  See generally Docket.

      Eventually, the parties filed summary judgment motions.  Doc. Nos. 201, 205.  On February 3, 2022, the Court denied QuoteWizard's Motion for Summary Judgment (Doc. No. 201) and allowed Plaintiff's partial Motion for Summary Judgment (Doc. No. 205).  Doc. No. 268.  The Court then directed the parties to file a joint status report setting forth their joint or separate positions as to the schedule governing further proceedings and any other matter either

---

[1] This litigation included an interlocutory appeal to the First Circuit Court of Appeals from certain discovery orders issued by the district court.  Doc. No. 169.  Defendant took the position that an exception to the finality rule applied "under the collateral order exception and/or pursuant to Perlman v. United States, 247 U.S. 7 (1918)."  Docketing Statement at 1, Mantha v. QuoteWizard.com, LLC, No. 21-1249 (1st Cir. Apr. 9, 2021).  Ultimately, the appeal was voluntarily dismissed.

party wished to raise. Id. On March 3, 2022, in response to this filing, the Court adopted the jointly proposed schedule, rejected various objections raised by QuoteWizard by explaining that all of the issues raised by it were better and properly raised after all discovery concluded in the course of the forthcoming class certification motion. Doc. No. 271. The Court's Order made plain that QuoteWizard could raise all of the issues it highlighted in the course of opposing that motion and that "[c]lass discovery shall commence." Id.

Finally, the parties filed the status report under seal. Doc. No. 276. In light of the Court's review of the report, the parties shall within seven days of this Order either explain the basis for the sealing or request the unsealing of the document.

II. DISCUSSION

This brings the Court to the discovery disputes presently pending. Insofar as the parties dispute the scope of discovery in Phase II, the Court recently resolved that dispute. "Phase II encompasses all other discovery in this proposed class action. Phase II is not limited to the so-called class discovery." Doc. No. 279. Unless this Order or a request states otherwise, the applicable time period is the four years prior to the filing of the Complaint in this action.[2] This limitation applies to all of the further discovery ordered herein, unless noted otherwise.

Plaintiffs proposed in their operative complaint the following class:

> All persons within the United States to whom: (a) two or more text telemarketing calls were sent via Drips; (b) promoting QuoteWizard's goods or services; (c) to a residential phone number that was listed on the National Do Not Call Registry for at least 30 days before the first call; (d) within any twelve-month period.

Doc. No. 80 ¶ 61.

---

[2] The Court notes that neither party addressed what the proper statute of limitations period should be in this case or what time period should govern the discovery responses.

Plaintiff is entitled, inter alia, to obtain all proportional discovery related to this proposed class definition. See Fed. R. Civ. P. 26. His first request seeks "all records of outbound text messages provided to QuoteWizard by DRIPS pursuant to this Court's prior Order." Doc. No. 276 at 13. QuoteWizard responded with a three-page singled spaced objection contending that, inter alia, "this request has no bearing on or relevancy to any of the Rule 23 factors." Id. at 14. In further support of the request, Plaintiff sufficiently explained that he seeks "the production from QuoteWizard of the texting call records that were previously provided to QuoteWizard by Drips, LLC." Id. at 17. To this QuoteWizard responds with six single spaced pages of briefing on issues spinning out of the discovery request. The objections are OVERRULED. QuoteWizard shall produce the documents responsive to the request by September 16, 2022. It shall produce all of the documents described in 21mc91266, Doc. No. 37, that Drips provided to QuoteWizard. Status Report and Stipulation, Drips Holdings, LLC v. QuoteWizard.com LLC, 21mc91266 (D. Mass. May 5, 2021). This Order does not reach the items described in paragraph five of that document because that information has not been provided to QuoteWizard and thus is not within the scope of the discovery request. "Provided" is not the same as "possession, custody or control."

Next, Plaintiff requests "all records of outbound text messages made by QuoteWizard on the DRIPS system during the putative class period" in Request No. 2. Doc. No. 276 at 24. QuoteWizard's objections are OVERRULED. It shall produce all responsive records in its possession, custody, and control without regard to its objections. This request encompasses, inter alia, the information described in paragraphs four and five of 21mc91266, Doc. No. 37, not previously produced to either Plaintiff or QuoteWizard. That document memorializing an agreement between the parties and DRIPS provides for DRIPS to first produce the information to

QuoteWizard. The Court now directs that this production (to QuoteWizard) shall occur by September 16, 2022 and fourteen days thereafter to Plaintiff subject to the provisions of the parties' agreement. The parties are responsible to notify DRIPS of this ruling, however, the Court will also docket this Order in the MBD case so that DRIPS receives notice of it. The Court rejects QuoteWizard's reading of the agreement; rather the Court construes it to mean that as to the information covered in paragraphs four and five, DRIPS agreed to produce the information in the form and manner described without further objections or litigation albeit without conceding that DRIPS had to produce the information.

As to Request Nos. 3 and 4, QuoteWizard shall produce, by September 16, 2022, all documents on which it intends to rely to show that any or all of the telephone numbers disclosed in response to Request Nos. 1 or 2 are either (a) not residential telephone numbers or (b) are associated with a business. QuoteWizard's objections are OVERRULED to this extent and OTHERWISE the request to compel further answer is DENIED.

Request No. 5 is ALLOWED IN PART. QuoteWizard shall produce the information sought, however, Plaintiff may not use this discovery for any purpose other than for furtherance of this case unless or until the Court certifies the class. If that occurs, Plaintiff may request the Court to lift this restriction in whole or part depending upon the terms of the certification order.

As to Request No. 6, QuoteWizard's objections are OVERRULED, and it shall produce all responsive documents in its possession, custody, or control.[3]

---

[3] Generally speaking, parties are entitled to obtain all relevant proportional information in discovery. As a fallback argument, QuoteWizard suggests sampling regarding consent discovery. In individual cases, this approach has limited discovery or trial to a sampled subset of all of what would otherwise be the relevant proportional information. Such an approach requires careful construction, clarity of the issues and, typically, counsel working cooperatively. At the present time, the record in this case does not support sampling. And the reference to it by

As to Request No. 7, QuoteWizard's objections are OVERRULED, and it shall produce all responsive documents in its possession, custody, or control, however, the disclosed information is subject to the same restriction as that imposed on the information produced in response to Request No. 5.

As to Request No. 8, QuoteWizard's objections are OVERRULED.  The first objection is meritless.  QuoteWizard contends that the "request is impossible to answer" because "QuoteWizard has pleaded thirty-two (32) affirmative defenses."  Doc. No. 276 at 38.  Parties may not advance a plethora of affirmative defenses and then, as here, refuse to produce documents supporting the defenses on the ground that doing so is "impossible" due to the number of defenses.  The remaining objections are similarly OVERRULED.  The objection that the documents are not responsive to class certification was resolved by the Court's Electronic Order (Doc. No. 279) and should have been withdrawn or qualified to note that it was made only to preserve an objection to the Court's Order.  Insofar as the request reaches privileged documents, that is not a basis to refuse to produce documents, but only to withhold privileged documents while listing them in a privilege log.  QuoteWizard shall produce all responsive documents within its possession, custody, or control.  In responding to this Order, as with all discovery orders unless specifically noted otherwise, QuoteWizard may withhold privileged documents and list them in a privileged log.

As to Request Nos. 9-11, QuoteWizard's objections are OVERRULED, and it shall produce all responsive documents in its possession, custody, or control.  Insofar as it has already produced some (or all) responsive documents, it may cite to those documents by bates number

---

QuoteWizard is not of sufficient detail or precision that the Court could adopt it as proposed in any event.

and document production date (or an alternative mutually agreed upon method) in lieu of producing the same documents again.

As to Request Nos. 12-15, QuoteWizard's objections are OVERRULED, and it shall produce all responsive documents in its possession, custody, or control.

As to Request Nos. 16 and 17, QuoteWizard's objections are OVERRULED, and it shall produce all responsive documents in its possession, custody, or control subject to the limits described in the Court's analysis of Request No. 5.

As to Request Nos. 20 and 21, QuoteWizard's objections are OVERRULED, and it shall produce all responsive documents in its possession, custody, or control.

As to Request No. 22, QuoteWizard's objections are OVERRULED, and it shall produce all responsive documents in its possession, custody, or control. QuoteWizard contends that Plaintiff seeks this discovery too late and that "the time for Plaintiff to seek such merits-related documents has passed" because "merits/individual discovery and class discovery was bifurcated." Doc. No. 276 at 53. Not so. Phase I was for discovery on Plaintiff's individual claims. It did not encompass all merits discovery. As previously explained in the Court's prior electronic order, Phase II is not limited to class discovery, it encompasses all remaining discovery including merits discovery which, for example, is why QuoteWizard must respond to requests seeking evidentiary support for its affirmative defenses. See, e.g., Doc. No. 279. If in fact QuoteWizard has no responsive documents (without limitation by way of its objections), it, of course, may say that in response to this request and produce no documents in response to it. The Court notes, however, that despite advancing this argument, QuoteWizard has not contended that the request for a Court Order to produce more documents in response to this request is moot.

As to Request No. 23, Plaintiff is entitled to the discovery it seeks here, however, QuoteWizard need not create documents to satisfy the request. All of QuoteWizard's other objections are OVERRULED. The parties shall confer on the technical issue, including in their conferrals a technical expert, and report back to the Court on this narrow issue by September 16, 2022.

As to Interrogatory Nos. 2-5, QuoteWizard's Objections are OVERRULED, and it shall answer the interrogatories except that the issue of time is limited as described earlier in this Order.

One further issue bears comment. Whether documents in the possession of a third party are in the possession, custody, or control of QuoteWizard is an issue that has been disputed in the course of this lawsuit. The Court encourages the parties to raise disputes related to these issues of possession, custody, or control with third parties and/or nonparties as appropriate early rather than later.

III.   CONCLUSION

QuoteWizard shall produce the further discovery ordered by September 16, 2022. If QuoteWizard seeks an extension of the deadline, its request should lay out the reasonable expected time frame for the production(s) as well as the basis for those expectations. The Court would be inclined to accommodate a reasonable request predicated on vacation schedules in August and/or a reasonable plan for producing the discovery ordered, including a plan that would involve rolling or sequenced disclosures given that some disclosures might depend upon other disclosures. No later than September 23, 2022, the parties shall file a joint status report setting forth their joint or separate positions as to a schedule to govern the remaining fact discovery, any expert discovery, and the class certification motion as well as any other matter the parties

anticipate requiring a schedule for other than the actual trial which at the present time the Court anticipates will occur following the resolution of the class certification motion.

Plaintiff's Motion for a Rule 16 Conference (Doc. No. 287) is DENIED WITHOUT PREJUDICE.  The Court anticipates a further scheduling conference after receiving the parties' joint status report.

SO ORDERED.

 /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge